**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JAMES MCCRAE,**

      **Petitioner,**

                                    **CASE NO. 2:12-CV-816**

      **v.**                                    **JUDGE WATSON**

                                      **MAGISTRATE JUDGE KING**

**WARDEN, ROSS
CORRECTIONAL INSTITUTION,**

      **Respondent.**

<u>**REPORT AND RECOMMENDATION**</u>

      Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *Petition,* Doc. No. 2, Respondent's *Return of Writ,* Doc. No. 9, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Facts and Procedural History:**

      The Ohio Fifth District Court of Appeals summarized the facts and procedural history as follows:

> On April 26, 2010, Appellant entered pleas of guilty to one count of involuntary manslaughter, in violation of R.C. 2903.04(A), with a firearm specification; and one count of having a weapon under disability, in violation of R.C. 2923.13(A). The parties jointly recommended a fifteen year prison sentence.
>
> Following a hearing, the trial court imposed the maximum, consecutive prison sentence totaling eighteen years.
>
> Appellant now appeals, assigning as error:
>
> I.    IN LIGHT OF OREGON V. ICE, THE TRIAL COURT ERRED IN FAILING TO MAKE THE REQUIRED FINDINGS UNDER O.R.C. 2929.14(E)(4) TO JUSTIFY CONSECUTIVE SENTENCES.

*State v. McCrae*, No. CT10-0037, 2011 WL 1233249, at *1 (Ohio App. 5th Dist. March 31,

2011).  On March 31, 2011, the appellate court affirmed the trial court's judgment.  *Id.*  On

September 21, 2011, the Ohio Supreme Court dismissed Petitioner's subsequent appeal.  *State v.*

*McCrae*, 129 Ohio St.3d 1475 (2011).

The prosecutor recited the following facts at Petitioner's guilty plea hearing:

> On April 4th of 2009, the victim in this case, Shane Goins was in a vehicle returning from Cambridge. He came back to Zanesville and attempted to meet up with someone to obtain drugs. He approached a red Cadillac. Outside of the Cadillac was the defendant in this case James Tyrone McCrae, and another individual.
>
> They went into an alleyway, wherein Mr. McCrae and another individual took $800 from Mr. Goins and took off running, jumped into the Cadillac, driving by the vehicle being driven by Mr. Goins. The passengers in that vehicle were Markika Goins and Scott Burrell.
>
> After some period of time, Mr. Goins and the individuals that were with him went outside. They saw the vehicle drive through the area again. They got into their car and attempted to follow the individual who was driving and confront Mr. McCrae. As the cars proceeded through the area of Luck and Prospect and Oak, the two cars came to pass each other, pass at Prospect at Oak, wherein witness statements established that the back rear seat passenger in the red Cadillac who would be James Tyrone McCrae, fired several shots out of the window. One of those shots struck Mr. Goins in the back of the head.
>
> Mr. Goins was taken by the individuals in his car to Good Samaritan Medical Center. He was later transferred to Columbus where he died as a result of that gunshot.

*Transcript, Guilty Plea Hearing* (April 26, 2010), attached to *Return of Writ*, PageID #171-73.

On September 6, 2012, Petitioner filed the *pro se Petition* raising the following single

ground for relief:

2

> In light of *Oregon v. Ice*, the trial court erred in failing to make the required findings under O.R.C. 2929.14(E) to justify consecutive sentences.

Respondent argues that this claim does not offer a basis for federal habeas corpus relief.

**Merits:**

Petitioner contends that the trial court improperly imposed consecutive terms of incarceration without first making factual findings to support the imposition of consecutive sentences. The state appellate court rejected this claim as follows:

> Appellant asserts [that] in the wake of the United States Supreme Court decision in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, the Ohio Supreme Court decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006–Ohio–856, has been overruled and the fact finding provisions of R.C. 2929.14(E)(4) have been resurrected. We disagree.

> The Ohio Supreme Court recently addressed this issue in *State v. Hodge* (2010), 128 Ohio St.3d 1, 941 N.E.2d 768, holding:

> "The United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470."

> The Ohio Supreme Court concluded [that] trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring [that] findings be made.

> Accordingly, Appellant's sole assignment of error is overruled, and the judgment of the Muskingum County Court of Common Pleas is affirmed.

*State v. McCrae*, 2011 WL 1233249, at *1.

A federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  In order to obtain habeas corpus relief, a petitioner must show that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon,* -- U.S. -- , 132 S.Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 562 U.S.-- --, 131 S.Ct. 770, 786–87 (2011)). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington*, 131 S.Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Petitioner has failed to meet this standard.

In *Oregon v. Ice,* the United States Supreme Court noted that most States continue the common law tradition of entrusting to sentencing judges the "unfettered discretion" to determine whether a sentence should be imposed consecutively or concurrently. *Id*. at 163.

> In some States, sentences for multiple offenses are presumed to run consecutively, but sentencing judges may order concurrent sentences upon finding cause therefor. Other States, including Oregon, constrain judges' discretion by requiring them to find certain facts before imposing consecutive, rather than concurrent, sentences. It is undisputed that States may proceed on the first two tracks without transgressing the Sixth Amendment. The sole issue in dispute, then, is whether the Sixth Amendment, as construed in *Apprendi* and *Blakely*, precludes the mode of proceeding chosen by Oregon and several of its sister States. We hold, in light of historical practice and the authority of States over administration of their criminal justice systems, that the Sixth Amendment does not exclude Oregon's choice.

*Id*. In short, the imposition of consecutive sentences does not implicate the Sixth Amendment. Thus, "a state may allow courts unfettered discretion to impose consecutive sentences or it may limit that authority without violating the Sixth Amendment." *Hooks v. Sheets*, 603 F.3d 316, 321 (6th Cir. 2010).

Petitioner's claim is without merit.

**WHEREUPON** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections:**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*s/  Norah McCann King*

Norah McCann King

United States Magistrate Judge

November 4, 2013